UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUSTIN BERNARD, III                                          CIVIL ACTION

versus                                                       NO. 13-1558

BURL CAIN, WARDEN                                            SECTION: "H" (3)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Austin Bernard, III, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On December 3, 2007, he was convicted of three counts of aggravated rape under Louisiana law.[1] On January 16, 2008, he was sentenced on each count to a term of life imprisonment. It was ordered that those sentences be served consecutively and without

---

[1] State Rec., Vol. V of XIII, trial transcript. The three convictions arose out of two separate cases, Case Nos. 502214 and 503387 on the docket of the Louisiana Twenty-First Judicial District Court. The cases were consolidated for trial.

benefit of probation, parole, or suspension of sentence.[2]  On February 13, 2009, the Louisiana First Circuit Court of Appeal affirmed his convictions and sentences.[3]  The Louisiana Supreme Court then denied his related writ application on December 11, 2009.[4]

       On March 4, 2011, petitioner filed an application for post-conviction relief with the state district court.[5]  That application was denied on March 9, 2011.[6]  His related writ applications

---

[2]  State Rec., Vol. V of XIII, transcript of January 16, 2008 (No. 502214); State Rec., Vol. VII of XIII, minute entry dated January 16, 2008 (No. 502214); State Rec., Vol. I of XIII, minute entry dated January 16, 2008 (No. 503387).

[3]  State v. Bernard, No. 2008 KA 1321, 2009 WL 368616 (La. App. 1st Cir. Feb. 13, 2009); State v. Bernard, No. 2008 KA 1322, 2009 WL 368621 (La. App. 1st Cir. Feb. 13, 2009).

[4]  State v. Bernard, 23 So.3d 910 (La. 2009) (No. 2009-KO-0680); State Rec., Vol. XIII of XIII. In its response in this proceeding, the state argues that petitioner's Louisiana Supreme Court writ application challenged only the Louisiana First Circuit Court of Appeal's decision in Case No. 2008 KA 1322 and did not include a challenge to the decision in Case No. 2008 KA 1321.  However, in violation of this Court's briefing Order, the state has not provided the Court with a copy of the Louisiana Supreme Court writ application.  See Rec. Doc. 2.  In light of the state's failure to produce that document as ordered, this Court, out of an abundance of caution, will assume for the purposes of this decision that the Louisiana Supreme Court writ application challenged the decisions in both Case Nos. 2008 KA 1321 and 2008 KA 1322.  However, even with that generous assumption being made in petitioner's favor, it is clear that his federal application is untimely for the reasons discussed in this opinion.

[5]  State Rec., Vol. XIII of XIII.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned with certainty with respect to this state post-conviction application; however, petitioner signed the application on March 4, 2011, and so it could not have been placed in the mail system any earlier than that date.

[6]  State Rec., Vol. XIII of XIII, Order dated March 9, 2011.

were then likewise denied by the Louisiana First Circuit Court of Appeal on July 18, 2011,[7] and by the Louisiana Supreme Court on April 20, 2012.[8]

On April 19, 2013, petitioner, through counsel, filed the instant federal application seeking *habeas corpus* relief.[9]  In its response, the state argues that the application is untimely.[10]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final."[11]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

---

[7] State v. Bernard, No. 2011 KW 0674 (La. App. 1st Cir. July 18, 2011); State Rec., Vol. XIII of XIII.

[8] State *ex rel.* Bernard v. State, 85 So.3d 1267 (La. 2012) (No. 2011-KH-1773); State Rec., Vol. XIII of XIII.

[9] Rec. Doc. 1.

[10] Rec. Docs. 10 and 11.

[11] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

In the instant case, the Louisiana Supreme Court denied petitioner's writ application on direct review on December 11, 2009. Therefore, his federal limitations period commenced ninety (90) days later on March 11, 2010. The one-year limitations period then expired on March 11, 2011, unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, after three hundred fifty-seven (357) days elapsed, petitioner's federal limitations period was arguably tolled when he filed his post-conviction application with the state district court on March 4, 2011. Tolling would then have continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). The state does not argue, and the state court record furnished to this Court does not reflect, that petitioner's related appellate writ applications were untimely. Accordingly, the Court will assume that tolling continued until the Louisiana Supreme Court denied relief on April 20, 2012.[12]

---

[12] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

At that point, petitioner had no more than eight (8) days of the federal limitations period remaining.  As a result, he had only until April 30, 2012,[13] either to file his federal application or to again toll the federal limitations period.

Petitioner had no other state applications pending at any time on or before April 30, 2012.  Therefore, he clearly is not entitled to further statutory tolling.

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, he has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[13] Because the eighth day fell on Saturday, April 28, 2012, the federal limitations period was extended through the following Monday, April 30, 2012.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir.1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

The Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Here, however, petitioner does not argue that he is actually innocent of the crimes of which he stands convicted, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than April 30, 2012, in order to be timely. His federal application was not filed until April 19, 2013, and, therefore, it is clearly untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Austin Bernard, III, be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

      New Orleans, Louisiana, this twenty-eighth day of March, 2014.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.